```
_____ FILED        _____ ENTERED
_____ LOGGED       _____ RECEIVED

              APR 3 0 2013
              AT GREENBELT
          CLERK, U.S. DISTRICT COURT
           DISTRICT OF MARYLAND
        BY _____ DEPUTY
```



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

Rod J. Rosenstein
*United States Attorney*

Adam K. Ake
*Assistant United States Attorney*

400 United States Courthouse
6500 Cherrywood Lane
Greenbelt, MD 20770-1249

MAIN: 301-344-4433
FAX: 301-344-4516
TTY/TDD: 301-344-2426
Adam.Ake@usdoj.gov

March 18, 2013

Thomas Abbenante, Esq.
1919 Pennsylvania Avenue NW
Suite 800
Washington, DC 20006-3402

    Re:    United States v. Rachel Ondrik,
              Crim. No. [to be determined]

Dear Mr. Abbenante:

       This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). This offer is contingent on the Defendant resigning her position with the Department of Commerce and withdrawing any pending administrative complaints she has lodged against the agency or its personnel. If the Defendant accepts this offer, please have her execute it in the spaces provided below. If this offer has not been accepted by March 25, 2013, it will be deemed withdrawn. The terms of the agreement are as follows:

<u>Offense of Conviction</u>

      1.    The Defendant agrees to plead guilty to a criminal information that will charge her with submission of a false official writing by an officer of the United States, in violation of 18 U.S.C. § 1018, a Class A misdemeanor. The Defendant admits that she is, in fact, guilty of that offense and will so advise the Court.

<u>Elements of the Offense</u>

      2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: (1) the defendant, an

officer of the United States, made and delivered as true a writing; and (2) the defendant knew the writing she submitted contained a false statement.

### Penalties

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: one year of imprisonment, one year of supervised release, and a fine of up to $100,000. In addition, the Defendant must pay $25 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order her to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if she serves a term of imprisonment, is released on supervised release, and then violates the conditions of her supervised release, her supervised release could be revoked–even on the last day of the term—and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

### Waiver of Rights

4. The defendant understands that by entering into this agreement, she surrenders certain rights as outlined below:

   a. If the defendant had persisted in her plea of not guilty, she would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the defendant, this Office, and the Court all agreed.

   b. If the defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the defendant could be found guilty of any count. The jury would be instructed that the defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c. If the defendant went to trial, the government would have the burden of proving the defendant guilty beyond a reasonable doubt. The defendant would have the right to confront and cross-examine the government's witnesses. The defendant would not have to present any defense witnesses or evidence whatsoever. If the defendant wanted to call witnesses in her

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

defense, however, she would have the subpoena power of the Court to compel the witnesses to attend.

     d.     The defendant would have the right to testify in her own defense if she so chose, and she would have the right to refuse to testify. If she chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from her decision not to testify.

     e.     If the defendant were found guilty after a trial, she would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against her. By pleading guilty, the defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

     f.     By pleading guilty, the defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the defendant understands that she may have to answer the Court's questions both about the rights she is giving up and about the facts of her case. Any statements the defendant makes during such a hearing would not be admissible against her during a trial except in a criminal proceeding for perjury or false statement.

     g.     If the Court accepts the defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find her guilty.

     h.     By pleading guilty, the defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The defendant recognizes that if she is not a citizen of the United States, pleading guilty may have consequences with respect to her immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

     5.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

    a. The base offense level is **6**, pursuant to U.S.S.G. § 2B1.1(a)(2).

    b. A 4-level upward adjustment applies because the offense involved a loss that exceeded $10,000 but did not exceed $30,000, pursuant to § 2B1.1(b)(1)(C).

    c. A 2-level upward adjustment applies, pursuant to U.S.S.G. § 3C1.1, because the Defendant obstructed or impeded the administration of justice. The adjusted offense level is **12**.

    d. This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for her criminal conduct. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about her involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw her plea of guilty. The final offense level is **10**.

7. The Defendant understands that there is no agreement as to her criminal history or criminal history category, and that her criminal history could alter her offense level if she is a career offender or if the instant offense was a part of a pattern of criminal conduct from which she derived a substantial portion of her income.

8. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range and application of the 18 U.S.C. § 3553(a) factors, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines or in 18 U.S.C. § 3553(a) will be raised or are in dispute. If the Defendant wishes to argue for any factor that could take the sentence outside of the advisory guidelines range, she will notify the Court, the United States Probation Officer and government counsel at least ten days in advance of sentencing of the facts or issues she intends to raise.

### Obligations of the Parties

9. At the time of sentencing, this Office and the Defendant will jointly recommend a sentence of probation and a fine of **$28,000** as the appropriate punishment in this case.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

11. This Office agrees not to pursue any civil claims against the Defendant so long as the Defendant fully satisfies the financial aspects of the judgment imposed by the Court at sentencing. Should the Court not order immediate payment of the restitution and fine imposed in this case, the parties agree to recommend a payment schedule that will result in full payment within the term of probation imposed by the Court. The Defendant understands that failure to make full payment within the probation term will constitute a violation of probation and may result in additional penalties.

### Restitution

12. The Defendant agrees to the entry of a Restitution Order for the full amount of the Government's losses, which the parties agree is **$14,000**. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that she will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

### Collection of Financial Obligations

13. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

14. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

15. The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

## Waiver of Appeal

16. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (I) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the maximum term of imprisonment provided for by offense level **10**; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the range of imprisonment provided for by offense level **10**.

    c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

    d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

17. The Defendant agrees that she will not commit any offense in violation of federal, state or local law between the date of this agreement and her sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for her conduct by failing to acknowledge her guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that she may not withdraw her guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

18. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw her guilty plea, and will remain bound to fulfill all of her obligations under this agreement. The Defendant understands that neither the prosecutor, her counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

19. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Adam K. Ake
Robert K. Hur
Assistant United States Attorneys

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

__4-30-13__  
Date

__Rachel Ondrik__ (signature)  
Rachel Ondrik

I am Rachel Ondrik's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with her. she advises me that she understands and accepts its terms. To my knowledge, her decision to enter into this agreement is an informed and voluntary one.

__4-13-13__  
Date

__Thomas Abbenante__ (signature)  
Thomas Abbenante, Esq.