IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff | * | |
| v. | * | Criminal No: 8:13-148 CBD |
| RACHEL ONDRIK | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM IN SUPPORT OF
DEFENDANT'S EMERGENCY MOTION FOR REVIEW OF
DETENTION ORDER

Defendant Rachel Ondrik, by and through counsel, hereby files this Memorandum in Support of Defendant's Emergency Motion for Review of Detention Order and moves this Honorable Court, pursuant to 18 U.S.C.A. 3143(a) and 3145(c), for a new hearing because the Magistrate Judge failed to make any findings with respect to whether Ms. Ondrik posed a danger to the safety of any other person or the community or whether she was a flight risk if released pending designation by the Bureau of Prisons.

I.   BACKGROUND

On or about March 29, 2013, a criminal information was filed charging Ms. Ondrik with a misdemeanor. Specifically, Ms. Ondrik was charged with submitting a false official writing, in violation of Title 18 USC Section 1018.

On April 30, 2013, Ms. Ondrik had an initial appearance and arraignment. At that time, she entered a plea of guilty to the criminal information before Magistrate Judge Charles Day. After pleading guilty, Ms. Ondrik was released, subject to the standard conditions of release. She was also permitted to retain her passport.

1

On June 19, 2013, at Ms. Ondrik's sentencing hearing, the Government recommended, consistent with the terms of the plea agreement, a two-year period of probation, to include a six-month period of home detention. Likewise, the probation officer recommended probation and home detention. Defense counsel recommended probation with no period of home detention.

Contrary to those recommendations, the Court sentenced Ms. Ondrik to, among other things, a period of imprisonment for 8 months and directed the US Marshals Service to place Ms. Ondrik in immediate custody. The Court made no findings with respect to danger or risk of flight, though counsel requested that Ms. Ondrik be permitted to self-surrender.

## II.     LEGAL STANDARD

Detention of a federal defendant prior to execution of sentence is controlled by the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq*. Pursuant to 18 U.S.C. § 3143(a), a defendant shall be detained pending execution of sentence unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

## III.    DISCUSSION

The Court acknowledged that the sentence imposed in this case was a "surprise." However, in response to counsel's arguments to permit Ms. Ondrik's release pending proper designation by the Bureau of Prisons in order to put her family and financial affairs in order before her incarceration, the Court announced that though the request was

a reasonable one, it was denied. The Court did so, without further reasoning and without addressing whether Ms. Ondrik posed a danger of flight or a danger to the community.[1]

In fact, there is no evidence in the record to support a conclusion that Ms. Ondrik poses a danger to the community or a risk of flight. To the contrary, the evidence clearly establishes that she does not pose any danger or a risk of flight: the misdemeanor conviction in this case is for a non-violent, "white collar" offense of travel voucher fraud, Ms. Ondrik has no criminal history, and she has been completely compliant with all pre-trial requirements.

In addition, taking Ms. Ondrik into custody on the day of her sentencing will unfairly and unnecessarily increase the score assigned to her case by the Bureau of Prisons and thus it will adversely change her designation by the BoP. *See* Bureau of Prisons Program Statement 5100.08 at Ch. 4, P. 5-6. Thus, Ms. Ondrik has been legally prejudiced by the decision to take her into immediate custody, in addition to the hardships that the immediate detention placed upon her family. By placing her in immediate custody, Ms. Ondrik was deprived of any opportunity to prepare her family – her husband and two young children (ages 5 and 7) -- for her absence. They had had no time to make financial or child care arrangements for her absence. This despite the fact that counsel had advised the Court that Ms. Ondrik is the primary care giver for her minor children, while her husband, an Arlington County VA sheriff, is presently working double shifts in order to keep the family financially afloat because Ms. Ondrik lost her federal law enforcement position as a result of the instant charge. Significantly also, the

---

[1] As the transcript is not yet available, counsel is relying on her memory. Counsel recalls the Court indicating, in support of its order of detention in the companion case of *United States v. Yamatani* (8:13-148 CBD), that the "day of reckoning had arrived."

US Marshals Service had no time to make preparations to ensure the safety of Ms. Ondrik, a former law enforcement officer, while incarcerated.

## IV. CONCLUSION

Contrary to the recommendations of both parties and the probation officer, and without any prior notice, the Court imposed a sentence of imprisonment for 8 months on Ms. Ondrik. Given Ms. Ondrik's prior conduct consistent with the terms and conditions of her pretrial release, as well as the facts of this case, which involved submitting false vouchers to the US government resulting in a loss of approximately $14,000, the evidence establishes that Ms. Ondrik poses neither a risk of flight nor a danger to the community. Furthermore, given the harm that Ms. Ondrik's continued detention will cause, undersigned counsel respectfully requests that Defendant's Emergency Motion be heard immediately and that Ms. Ondrik's request for release pending her designation by the Bureau of Prisons be granted.

June 21, 2013
Date

Respectfully submitted,

_____/s/_____
Leslie McAdoo Gordon
McAdoo Gordon & Associates, P.C.
1140 19th St. NW, Suite 602
Washington, DC 20036
(202) 293 0534 telephone
(202) 478-2095 facsimile
leslie.mcadoo@mcadoolaw.com

_____/s/_____
Thomas Abbenante
1919 Pennsylvania Avenue NW
Suite 200
Washington, DC 20006
(202) 223-6539 telephone
Tabbenante@aol.com

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served, by Electronic Notification, on this 21st day of June 2013, on the following: United States Attorney's Office, Greenbelt, MD.

_____/s/_____
Leslie McAdoo Gordon
McAdoo Gordon & Associates, P.C.
1140 19th St. NW, Suite 602
Washington, DC 20036
(202) 293 0534 telephone
(202) 478-2095 facsimile
leslie.mcadoo@mcadoolaw.com